**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:12-cr-00455-HDM-PAL |
| ) | 2:15-cr-01661-HDM |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CHARLES BO MUMPHREY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On August 27, 2015, defendant Charles Bo Mumphrey ("defendant") filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 138). The timely motion asserted claims for relief under *Johnson v. United States*, – U.S. –, 135 S. Ct. 2551 (2015) ("*Johnson* claims") as well as non-*Johnson* claims. On February 26, 2016, defendant, represented by the Federal Public Defender pursuant to General Order 2015-03, filed an amended motion to vacate (ECF No. 146). The amended motion asserted only *Johnson* claims. On September 22, 2016, defendant moved to withdraw his *pro se* motion to vacate filed on August 27, 2015, and proceed only on the amended motion to vacate filed on February 26, 2016. The basis for the withdrawal was that, due to a

1

conflict, the Federal Public Defender could not represent defendant as to his non-*Johnson* claims. The court granted the motion to withdraw on September 23, 2016 (ECF No. 155).

On March 6, 2017, following the Supreme Court's decision in *Beckles v. United States*, 580 U.S. — , 137 S. Ct. 886 (Mar. 6, 2017), the court ordered the defendant to show cause why *Beckles* did not require the court to deny his § 2255 motion. Defendant's response to the order to show cause was due by April 20, 2017.

On April 6, 2017, defendant filed a *pro se* letter with the court seeking appointment of CJA counsel to help him determine whether he has any additional claims to assert in his pending motion to vacate (ECF No. 162). On April 19, 2017, defendant's counsel filed a motion to withdraw (ECF No. 163). Defendant did not file any response to the court's order to show cause.

As apparently conceded by defendant, *Beckles* requires the court to deny his claims arising under *Johnson*. However, in his withdrawn § 2255 petition, defendant had asserted claims that did not arise under *Johnson*. The court therefore feels it appropriate to grant the defendant leave to file an amended motion asserting all § 2255 claims he wishes to bring in these proceedings, including those previously withdrawn.

Because the Federal Public Defendant may not represent defendant on his non-*Johnson* claims, counsel's motion to withdraw (ECF No. 163) is hereby **GRANTED**.

As to defendant's motion for counsel, a "criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d

1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  However, the court must appoint counsel where the complexities of the case are such that denial of counsel would amount to a denial of due process, *Chaney*, 801 F.2d at 1196, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).  The defendant's assertions in his withdrawn petition were not complex and defendant was able to fairly present his claims.  Accordingly, the request for appointment of counsel (ECF No. 162) is **DENIED.**

In accordance with the foregoing, counsel's motion to withdraw (ECF No. 163) is **GRANTED.**  Defendant's request for appointment of counsel (ECF No. 162) is **DENIED.**  Defendant is granted leave to file a second amended motion to vacate asserting any and all claims he may have under 28 U.S.C. § 2255.  Defendant shall file any second amended motion no later than August 15, 2017.  Should defendant fail to file a second amended motion, the court will proceed to decide his pending amended motion (ECF No. 146) on the merits.

IT IS SO ORDERED.

DATED: This 20th day of June, 2017.

_____
UNITED STATES DISTRICT JUDGE