**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:12-cr-00455-HDM-PAL |
| | ) | 2:15-cv-01661-HDM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHARLES BO MUMPHREY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court is the defendant's 28 U.S.C. § 2255 motion seeking relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 146). In *Johnson*, the Supreme Court held that the residual clause in the ACCA's definition of "violent felony" is unconstitutionally vague. Defendant was not charged or sentenced under the ACCA. Rather, he was found to be a career offender under U.S.S.G. § 4B1.1. Under § 4B1.1, a defendant qualifies as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or

1

a controlled substance offense. At sentencing, the court determined that defendant qualified as a career offender because he had two prior crimes of violence and his instant offense was a crime of violence. The definition of "crime of violence" for purposes of the career offender guideline includes a residual clause that is identical to that in the ACCA. *See* U.S.S.G. § 4B1.2(a). Defendant argued that *Johnson* invalidated this residual clause, that his instant offense qualified as a "crime of violence" only under the residual clause, and that he is therefore entitled to relief.

On March 6, 2017, the United States Supreme Court determined that *Johnson* does not apply to the Guidelines. *Beckles v. United States*, 580 U.S. — , 137 S. Ct. 886, 2017 WL 855781 (Mar. 6, 2017). As defendant's claim for relief depends on *Johnson* applying to the Guidelines and the Supreme Court has held *Johnson* does not apply to the Guidelines, defendant is not entitled to any relief under *Johnson*. Defendant's § 2255 motion seeking relief under *Johnson* (ECF No. 146), therefore must be and hereby is **DENIED**.

To the extent the Court were to consider any additional issues defendant raised in his initial filing on August 27, 2015 (ECF No. 138), which he voluntarily withdrew on September 22, 2016 (*See* ECF Nos. 154, 155), after his then counsel filed the Amended Motion to Vacate (ECF No. 146), and which he now attempts to raise in his most recent filings on April 13, 2018 and April 30, 2018 (ECF Nos. 175, 176), the Court finds that the *Johnson* claims should be and hereby are denied as discussed above, the claims related to federally insured status of the credit union and aiding and abetting are procedurally defaulted, and all remaining claims are

2

frivolous and should denied.

Accordingly, defendant's § 2255 motion (ECF No. 146) is **DENIED,** as are all additional claims set forth in defendant's April 13 and April 30, 2018 filings (ECF Nos. 175, 176).

**IT IS SO ORDERED.**

DATED: This 14th day of May, 2018.

_____
UNITED STATES DISTRICT JUDGE