UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:12-cr-00455-HDM-PAL |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CHARLES BO MUMPHREY, | |
| Defendant. | |

The defendant, Charles Bo Mumphrey, has filed a "motion to reduce sentence pursuant to section 401-404 of the First Step Act." (ECF No. 245). The government has opposed (ECF No. 247), and Mumphrey has replied (ECF No. 248).

To the extent Mumphrey asserts entitlement to relief under either § 401, § 402 or § 403 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the motion is denied. Those sections do not apply retroactively to a defendant, such as Mumphrey, who was sentenced prior to the date of enactment of the Act.

Mumphrey is also not entitled to relief under § 404. Section 404 provides that a sentencing court "may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act of 2018, § 404(b), 132 Stat. at 5222 (citation omitted). A "covered offense" is "a violation of a Federal criminal

statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222 (citation omitted). In this action, Mumphrey was convicted of one count of interference with commerce by robbery in violation of 18 U.S.C. §§ 2 & 1951. (ECF No. 111). The statutory penalties for § 1951 were not modified by section 2 or 3 of the Fair Sentencing Act. Mumphrey is not therefore eligible for relief under § 404 of the First Step Act.

Mumphrey appears to believe he is entitled to relief because he was designated a career offender in this action based, in part, on a prior crack cocaine conviction he sustained in 2:96-cr-00153-PMP. Whatever effect the Fair Sentencing Act might have had on Mumphrey's conviction in 2:96-cr—00153-PMP, it would not affect his career offender designation in this case, a designation that is not subject to reconsideration even if Mumphrey were otherwise eligible for relief.

To the extent Mumphrey's motion could be construed as a motion pursuant to 28 U.S.C. § 2255, Mumphrey has already pursued a § 2255 motion in this case, so the instant motion is second or successive. The court lacks jurisdiction to consider a second or successive motion absent prior authorization from the Court of Appeals. 28 U.S.C. § 2255(h); *id.* § 2244; *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011). Because the court has no such authorization before it and Mumphrey does not indicate he has received any such authorization, the motion, to the extent it may be construed as arising under § 2255, must be dismissed for lack of jurisdiction.

Accordingly, Mumphrey's motion for relief pursuant to the First Step Act (ECF No. 245) is DENIED. To the extent the motion may be construed as a motion under § 2255, the motion is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

DATED: This 27th day of May, 2020.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE

3